IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| CLIFTON PETTUS | ) | |

# **ORDER**

Before the court is Defendant Clifton Pettus's *pro se* motion to remove the firearm enhancement and other information from his presentence investigation report ("PSR"). (Doc. # 878.) He says that, without the redaction of this content from his PSR, he is ineligible to receive sentencing credit for completion of residential drug abuse treatment. The Government filed a response in opposition (Doc. # 882) to which Mr. Pettus filed a reply (Doc. # 885). The motion is due to be denied.

The court's authority to modify a sentence of imprisonment "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238–39 (11th Cir. 2017). Modification is prohibited except in three narrow circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been

sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [U.S. Sentencing] Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Phillips*, 597 F.3d at 1195.

None of those circumstances exists here. The Bureau of Prisons has not filed a motion. The government has not moved to reduce Mr. Pettus's sentence based on substantial assistance to the government. Fed. R. Crim. P. 35(b). Mr. Pettus did not identify any "arithmetical, technical, or other clear error" in his sentence within fourteen days of sentencing. Fed. R. Crim. P. 35(a). And his guideline range has not been lowered by the Sentencing Commission.

Mr. Pettus makes several arguments for a contrary ruling. Those arguments are unconvincing.

First, Mr. Pettus contends that he is entitled to have his PSR amended under Rule 32(f) of the Federal Rules of Criminal Procedure and § 6A1.2 of the U.S. Sentencing Guidelines. The fourteen-day deadline for objecting to the PSR, as established by Rule 32(f) and § 6A1.2, has long expired. *See* Fed. R. Crim. P. 32(f) (permitting a party fourteen days to object to the content of a PSR); U.S.S.G. § 6A1.2 (same). Mr. Pettus cannot circumvent the fourteen-day deadline under the guise of a post-judgment request to redact information in the PSR.

Second, Mr. Pettus argues that the court, in effect, has categorized his motion as one under 28 U.S.C. § 2255 (*see* Doc. # 881), and he objects to this categorization.

But the case that Mr. Pettus cites to support his objection pertained to an inmate's *§ 2255 motion* seeking relief similar to that which Mr. Pettus requests. *See United States v. Fraley*, No. CR.A.05-188-KSF, 2007 WL 1876455, at *1 (E.D. Ky. June 27, 2007) (addressing a § 2255 motion in which an inmate sought to remove a sentence enhancement for possession of a dangerous weapon because the enhancement precluded the inmate from receiving credit for completion of a residential drug abuse program). *Fraley* supports, rather than refutes, the classification of Mr. Pettus's motion as a § 2255 motion. *Id.*; *see also Medlin v. United States*, No. 5:12-CR-351-BO-2, 2019 WL 638994, at *2 (E.D.N.C. Feb. 14, 2019) (construing a petitioner's motion to remove sentencing enhancements from the PSR as a § 2255 motion). However, because Mr. Pettus has objected to such characterization, his motion will not be construed as a § 2255 motion.[1]

In sum, for the reasons explained, the court lacks authority to modify Mr. Pettus's sentence by removing the sentence enhancements from his PSR. *See Phillips*, 597 F.3d at 1199.

Accordingly, it is ORDERED that Mr. Pettus's motion (Doc. # 878) is DENIED.

DONE this 10th day of September, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] No opinion is expressed on whether a § 2255 motion would have merit.